THE STATE OF OHIO, APPELLEE, *v.* BENDER, A.K.A. GAINES, APPELLANT.

(Nos. 3669 and 3748—Decided January 24, 1985.)

*Gregory A. White,* prosecuting attorney, for appellee.

*James A. Deery,* for appellant.

GEORGE, J. On November 2, 1983, David Bender, a.k.a. Nathan Gaines, was indicted for one count of forgery, one count of receiving stolen property, and one count of possession of criminal tools. On January 24, 1984, Bender was indicted for one count of possession of criminal tools and one count of complicity to commit forgery. The charges arose out of a series of activities which took place on September 26 and 27, 1983.

Bender and three companions drove from Cleveland to the Midway Mall in Elyria on September 27. When they arrived Bender took his car to the Sears Auto Center for repairs. The four entered the shopping area to wait for the repairs to be completed. Bender and one of his companions, Cheryl Crenshaw, entered Sears where he gave her a credit slip. She took the slip to the cashier and signed her name to it for a refund. Crenshaw was stopped and arrested by Sears' security officers. Bender was also arrested and charged with having forged a credit slip on the previous day. After Bender's arrest, the Elyria police made a search of his car. They found a credit card bearing the name of a third person as well as other unsigned Sears credit slips.

Crenshaw pled guilty to a charge of forgery. Bender, after a trial to a jury, was convicted of one count of forgery, one count of possession of criminal tools, and one count of complicity to commit forgery. * * *

ASSIGNMENT OF ERROR 2

"The jury's verdict of guilty on the charge of possession of criminal tools, Count No. 1, Case No. 28863, was against the manifest weight of the evidence."

Bender was indicted for possession of criminal tools in violation of R.C. 2923.24. Specifically, the indictment identified two Sears credit slips: B458950 and G980098. The credit slips were discovered during the search of Bender's car and were taken from

beneath the dashboard on the driver's side.

R.C. 2923.24 provides, in part:

"(A) No person shall possess or have under his control any substance, device, instrument, or article, with purpose to use it criminally.

"(B) Each of the following constitutes prima-facie evidence of criminal purpose:

"(1) Possession or control of any dangerous ordnance, or the materials or parts for making dangerous ordnance, in the absence of circumstances indicating such dangerous ordnance, materials, or parts are intended for legitimate use;

"(2) Possession or control of any substance, device, instrument, or article designed or specially adapted for criminal use;

"(3) Possession or control of any substance, device, instrument, or article commonly used for criminal purposes, under circumstances indicating such item is intended for criminal use."

These credit slips were not items which would be prima facie evidence of criminal purpose under the statute. Since they did not constitute prima facie evidence of such purpose, criminal intent had to be proved beyond a reasonable doubt without the benefit of the statutory inference. *State* v. *Anderson* (1981), 1 Ohio App. 3d 62, 64.

The record demonstrates that the day prior to Bender's arrest, Bender did use a similar credit slip. The slips in question were partially completed in the name of John Richardson. Under the facts in the record, there is sufficient evidence from which a jury could conclude that Bender possessed the credit slips with the intent to commit a crime. *State* v. *Eley* (1978), 56 Ohio St. 2d 169 [10 O.O.3d 340]. Assignment of error two is overruled.

### ASSIGNMENT OF ERROR 3

"The jury verdict of guilty finding that the defendant was guilty of complicity of forgery in Count No. 2 of Case No. 28863 was against the manifest weight of the evidence."

Bender was convicted of complicity in the commission of a forgery committed by Crenshaw under R.C. 2923.03, in violation of R.C. 2913.31. To support the conviction of complicity here, the record must support the conclusion that a forgery was committed.

Crenshaw received the credit slip from Bender, whom she had just met that day, for a chain saw in the amount of $185.06. She never saw any merchandise but was instructed by Bender where and how to present the credit slip for a refund. Crenshaw testified that Bender filled out the slip and that they were all to share in the proceeds. Crenshaw took the credit slip to the cashier and signed her own name, using her own identification.

R.C. 2913.01(G) defines the word "forge" as follows:

"* * * [T]o fabricate or create, in whole or in part and by any means, any spurious writing, or to make, execute, alter, complete, reproduce, *or otherwise purport to authenticate any writing, when such writing in fact is not authenticated thereby.*" (Emphasis added.)

The fact that Crenshaw signed her own name and used her own identification does not make legitimate an otherwise spurious credit slip. The record sufficiently supports the conclusion that Crenshaw violated R.C. 2913.31 and further supports Bender's role in knowingly aiding and abetting Crenshaw in the commission of that offense. The jury had sufficient evidence before it to establish beyond a reasonable doubt Bender's criminal activity. This court will not disturb such a finding. *State* v. *Eley, supra.*

This assignment of error is overruled. * * *

All assignments of error having

been overruled, the judgment of conviction is affirmed.

*Judgment affirmed.*

BAIRD, P.J., and MAHONEY, J., concur.