JOURNAL ENTRY AND OPINION *Page 2 
{¶ 1} Defendant-appellant Maurice Taylor appeals his convictions for four counts of felonious assault and one count of aggravated assault.[1] He assigns the following error for our review:
 "I. The appellant's convictions for felonious assault are against the manifest weight of the evidence as the jury's verdicts are inconsistent with the evidence."
 {¶ 2} Having reviewed the record and pertinent law, we affirm Taylor's convictions. The apposite facts follow.
 {¶ 3} On March 26, 2006 at about 1:30 a.m. in the area of Buckeye Road and Woodhill Road, Officers Mandzak and McMahon heard gunfire. They then pulled over two cars that appeared to them to be involved in a chase. One vehicle, a Cavalier appeared to have been chased by another vehicle, a maroon Oldsmobile.
 {¶ 4} Maurice Taylor was driving the Oldsmobile. Four people were seated in the Cavalier. Several bullets struck the Cavalier. One of the bullets struck Patricia Taylor in her back; she is not related to Maurice Taylor. Ms. Taylor had been seated in the left rear passenger seat of the Oldsmobile. Maurice Taylor admitted shooting at the Cavalier because the driver of the Cavalier had struck Maurice Taylor's cousin, as he walked across the street. Taylor contended the people in the Cavalier shot at him first. Taylor made a written statement admitting shooting at the car, but again contended the people in the Cavalier shot at him first. *Page 3 
 {¶ 5} The victim, Patricia Taylor, testified that no one in the Cavalier was shooting a gun. The defendant's brother, who was a passenger in defendant's car, testified that his brother was shooting the gun in an attempt to shoot at the tires of the Cavalier in order to stop it. He also stated that although he heard other shots being fired, he was not sure if the shots were coming from the Cavalier, or from a bar they passed after the Cavalier nearly hit a pedestrian. Taylor's weapon was identified as a gun that was stolen two years previously from a Cleveland Metroparks ranger.
 {¶ 6} The jury found Taylor guilty of aggravated assault against the driver of the Cavalier, felonious assault against the passengers, and the firearm repeat violent offender and prior conviction specifications. The jury also found Taylor guilty of receiving stolen property. The court determined that Taylor was also guilty of the bifurcated counts of carrying a concealed weapon and having a weapon while under disability. The trial court sentenced Taylor to a total of ten years in prison.
 Manifest Weight/Inconsistent Verdicts {¶ 7} In his assigned error, Taylor contends the jury's finding him guilty of aggravated assault of the driver of the Cavalier and felonious assault for the passengers was inconsistent; therefore, he contends the verdicts were against the manifest weight of the evidence. We disagree. *Page 4 
 {¶ 8} In State v. Wilson[2], the Ohio Supreme Court recently addressed the standard of review for a criminal manifest weight challenge, as follows:
 "The criminal manifest-weight-of-the-evidence standard was explained in State v. Thompkins
(1997), 78 Ohio St.3d 380, 1997 Ohio 52, 678 N.E.2d 541. In Thompkins, the court distinguished between sufficiency of the evidence and manifest weight of the evidence, finding that these concepts differ both qualitatively and quantitatively. Id. at 386, 678 N.E.2d 541. The court held that sufficiency of the evidence is a test of adequacy as to whether the evidence is legally sufficient to support a verdict as a matter of law, but weight of the evidence addresses the evidence's effect of inducing belief. Id. at 386-387, 678 N.E.2d 541. In other words, a reviewing court asks whose evidence is more persuasive — the state's or the defendant's? We went on to hold that although there may be sufficient evidence to support a judgment, it could nevertheless be against the manifest weight of the evidence. Id. at 387, 678 N.E.2d 541. `When a court of appeals reverses a judgment of a trial court on the basis that the verdict is against the weight of the evidence, the appellate court sits as a `thirteenth juror' and disagrees with the factfinder's resolution of the conflicting testimony.' Id. at 387, 678 N.E.2d 541, citing Tibbs v. Florida (1982), 457 U.S. 31, 42, 102 S.Ct. 2211, 72 L.Ed.2d 652."
 {¶ 9} However, an appellate court may not merely substitute its view for that of the jury, but must find that "the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered."[3] Accordingly, reversal on manifest weight grounds is reserved for "the exceptional case in which the evidence weighs heavily against the conviction."[4] *Page 5 
 {¶ 10} Inconsistent verdicts on different counts of a multi-count indictment do not justify overturning a verdict of guilt.[5] The rationale behind upholding inconsistent verdicts among multiple counts was addressed by the U.S. Supreme Court in United States v.Powell[6], where the Court explained that juries can reach inconsistent verdicts for any number of reasons, including mistake, compromise, and leniency. The Court further held that it would be incongruous for a defendant to accept the benefits of an inconsistent verdict without also being required to accept the burden of such verdicts.[7]
 {¶ 11} Moreover, the verdicts in the instant case are not necessarily inconsistent. Each count of a multi-count indictment is independent of all other counts.[8] Accordingly, each charge is separate and independent from the others. Therefore, as to each victim, in order to find Taylor guilty of the lesser included offense of aggravated assault, the jury had to determine whether the victim provoked Taylor into a sudden fit of rage in order for the lesser included offense to apply.
 {¶ 12} A review of the evidence shows the only person that could have arguably provoked Taylor was the driver of the vehicle, Steven Dowdell, because he *Page 6 
was responsible for striking Taylor's cousin with his car. The other people in the car were merely passengers and did nothing to provoke Taylor. In fact, Ms. Taylor testified that she and her niece, both back seat passengers, did not know the driver, because a friend had arranged for their ride home. Ms. Taylor also testified she told the driver to stop the vehicle after he hit the pedestrian. Thus, the jury's finding Taylor guilty of felonious assault as to the passengers in the vehicle was not against the manifest weight of the evidence.
 {¶ 13} Accordingly, we reject Taylor's sole transferred intent argument. Taylor argues the assaults were one continued act against the people in the Cavalier. However, the people in the back seat were not driving the Cavalier, but were innocent by-standers; consequently, the jury's verdicts are consistent with the facts. Taylor's assigned error is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. *Page 7 
JAMES J. SWEENEY, A.J., and COLLEEN CONWAY COONEY, J., CONCUR
[1] Taylor was also convicted of receiving stolen property, carrying a concealed weapon, and having a weapon while under disability, but he does not appeal those counts.
[2] 113 Ohio St.3d 382, 2007-Ohio-2202.
[3] Thompkins, supra at 387.
[4] Id.
[5] United States v. Powell (1984), 469 U.S. 57, 68, 83 L.Ed. 2d 461,105 S.Ct. 471; State v. Adams (1978), 53 Ohio St.2d 223, 228.
[6] Supra.
[7] Id.
[8] State v. Lovejoy, 79 Ohio St.3d 440, 1997-Ohio-371, paragraph one of the syllabus. *Page 1