[Cite as *State v. Cochran*, 2022-Ohio-885.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## MARION COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,                            CASE NO. 9-21-19

    v.

SHAQUILLE S. COCHRAN,                      **O P I N I O N**

    DEFENDANT-APPELLANT.

Appeal from Marion County Common Pleas Court
Trial Court No. 2020 CR 0279

Judgment Affirmed

Date of Decision: March 21, 2022

APPEARANCES:

    *Paul L. Scarsella* **for Appellant**

    *Nathan R. Heiser* **for Appellee**

**MILLER, J.**

{¶1} Defendant-appellant, Shaquille Cochran, appeals the April 7, 2021 judgment of sentence of the Marion County Court of Common Pleas. For the reasons that follow, we affirm.

## I. Facts & Procedural History

{¶2} In the early morning hours of July 5, 2020, police officers from the Marion Police Department responded to an emergency call regarding an unresponsive child at a residence on Bennett Street in the city of Marion. On arrival, the officers located a three-year-old child, Ka.C., in an upstairs bedroom. Ka.C.'s body was covered in bruises, and he weighed only 24 pounds. Ka.C. was rushed to the hospital, where he was pronounced dead. It was later determined that the principal cause of Ka.C.'s death was head and neck trauma, with dehydration and malnutrition serving as contributing factors. The ensuing investigation identified Cochran, Ka.C.'s father, and Cochran's girlfriend, Angel Morgan, as the parties likely responsible for Ka.C.'s injuries and malnourishment.

{¶3} On July 15, 2020, the Marion County Grand Jury indicted Cochran on five counts: Counts One and Two of felony murder in violation of R.C. 2903.02(B), unclassified felonies; Count Three of felonious assault in violation of R.C. 2903.11(A)(1), a second-degree felony; and Counts Four and Five of endangering children in violation of R.C. 2919.22(B)(1), second-degree felonies. The two counts

of felony murder were premised on allegations that Cochran had caused Ka.C.'s death as a proximate result of committing the felonious assault and endangering children offenses. Additionally, the felonious assault charge contained a specification pursuant to R.C. 2941.1426 alleging that Ka.C. "suffered permanent disabling harm as a result of the offense" and that Ka.C. was under ten years of age. On July 20, 2020, Cochran appeared for arraignment and pleaded not guilty to the counts and specifications of the indictment.

{¶4} A jury trial was held on February 23-March 1, 2021. On March 1, 2021, the jury found Cochran guilty of felonious assault and two counts of endangering children. The jury also found Cochran guilty of the specification associated with the felonious assault charge. However, the jury found Cochran not guilty with respect to the two counts of felony murder.

{¶5} A sentencing hearing was held on April 6, 2021. At the hearing, the trial court sentenced Cochran to 8 to 12 years in prison for felonious assault, 5 to 7.5 years in prison for endangering children as charged in Count Four, and 8 to 12 years in prison for endangering children as charged in Count Five. The trial court ordered that these sentences be served consecutively, resulting in an aggregate term of 21 to 25 years in prison. The trial court filed its judgment entry of sentence on April 7, 2021.

## II. Assignments of Error

{¶6} On June 3, 2021, Cochran filed a notice of appeal.[1] He raises the following three assignments of error for our review:

**1.    The Court erred as a matter of law when it imposed consecutive sentences without making the appropriate findings and without a factual basis to justify the imposition of consecutive sentences.**

**2.    The jury in this matter clearly lost its way and the verdicts are against the manifest weight of the evidence.**

**3.    The Sentencing structure created by the Reagan Tokes Act is a violation of the separation of powers and is therefore unconstitutional.**

We begin by addressing Cochran's second assignment of error. Then, because they concern related issues, we address Cochran's first and third assignments of error together.

## III. Discussion

**A.    Second Assignment of Error:  Are Cochran's convictions against the manifest weight of the evidence?**

{¶7} In his second assignment of error, Cochran argues that his convictions for felonious assault and endangering children are against the manifest weight of the evidence.

---

[1] Although Cochran did not file his notice of appeal within the 30-day period prescribed by App.R. 4(A), we granted Cochran leave to file a delayed appeal pursuant to App.R. 5.

### i. Standard for Manifest-Weight-of-the Evidence Review

{¶8} In determining whether a conviction is against the manifest weight of the evidence, a reviewing court must examine the entire record, "'weigh[] the evidence and all reasonable inferences, consider[] the credibility of witnesses and determine[] whether in resolving conflicts in the evidence, the [trier of fact] clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.'" *State v. Thompkins*, 78 Ohio St.3d 380, 387 (1997), quoting *State v. Martin*, 20 Ohio App.3d 172, 175 (1st Dist.1983). A reviewing court must, however, allow the trier of fact appropriate discretion on matters relating to the weight of the evidence and the credibility of the witnesses. *State v. DeHass*, 10 Ohio St.2d 230, 231 (1967). When applying the manifest-weight standard, "[o]nly in exceptional cases, where the evidence 'weighs heavily against the conviction,' should an appellate court overturn the trial court's judgment." *State v. Haller*, 3d Dist. Allen No. 1-11-34, 2012-Ohio-5233, ¶ 9, quoting *State v. Hunter*, 131 Ohio St.3d 67, 2011-Ohio-6524, ¶ 119.

### ii. Cochran's convictions for felonious assault and endangering children are not against the manifest weight of the evidence.

{¶9} In support of his claim that his convictions are against the manifest weight of the evidence, Cochran points to the jury's "inconsistent" verdicts, maintaining that the jury's guilty verdicts on the felonious assault and endangering children offenses are irreconcilable with its not guilty verdicts on the felony murder

offenses. Cochran argues that "the inconsistent verdicts can be used as evidence that the jury clearly lost its way" and that they "raise[] questions as to the manifest weight of the evidence."

{¶10} Yet, "[i]nconsistent verdicts on different counts of a multi-count indictment do not justify overturning a verdict * * *." *State v. Hicks*, 43 Ohio St.3d 72, 78 (1989). "'The several counts of an indictment containing more than one count are not interdependent and an inconsistency in a verdict does not arise out of inconsistent responses to different counts, but only arises out of inconsistent responses to the same count.'" *State v. Ford*, 158 Ohio St.3d 139, 2019-Ohio-4539, ¶ 347, quoting *State v. Adams*, 53 Ohio St.2d 223 (1978), paragraph two of the syllabus. "[J]uries can reach inconsistent verdicts for any number of reasons, including mistake, compromise, and leniency." *State v. Taylor*, 8th Dist. Cuyahoga No. 89629, 2008-Ohio-1626, ¶ 10. Thus, as we have recently held, inconsistencies in the jury's verdicts "do[] not suggest that [the guilty] verdicts are against the manifest weight of the evidence and do[] not provide a basis for the reversal of [the] convictions." *State v. Cobb*, 3d Dist. Allen No. 1-20-43, 2021-Ohio-3877, ¶ 87; *see State v. Bell*, 3d Dist. Marion No. 9-18-40, 2020-Ohio-4510, ¶ 58 (concluding that the fact that guilty verdicts for rape and kidnapping might be inconsistent with the not guilty verdicts for two additional counts of rape does not mean the defendant's convictions for rape and kidnapping are against the manifest weight of the

evidence). Consequently, there is no merit to Cochran's argument that his felonious assault and endangering children convictions are against the manifest weight of the evidence.

{¶11} Cochran's second assignment of error is overruled.

**B. First & Third Assignments of Error: Are Cochran's prison sentences unsupported by the record or contrary to law?**

{¶12} In his first and third assignments of error, Cochran argues that his aggregate sentence of 21 to 25 years in prison is unsupported by the record and contrary to law. Under his first assignment of error, Cochran argues his sentence is unsupported by the record because the trial court "did nothing more than reiterate the statutory language of [R.C. 2929.14(C)(4)] when addressing the consecutive sentences." He also contends that the trial court did not properly "balance the overriding principles of felony sentencing and take the ability for rehabilitation into consideration" when it decided to order consecutive service. Cochran's third assignment of error focuses on the indefiniteness of each of the individual sentences imposed for his felonious assault and endangering children convictions. Cochran maintains that the indefinite sentences are contrary to law because the statutory provisions authorizing trial courts to impose indefinite sentences, i.e., certain provisions of the Reagan Tokes Law, violate the separation-of-powers doctrine.

### i. Standard of Review

{¶13} Under R.C. 2953.08(G)(2), an appellate court may reverse a sentence "only if it determines by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law." *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, ¶ 1. Clear and convincing evidence is that "'which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established.'" *Id.* at ¶ 22, quoting *Cross v. Ledford*, 161 Ohio St. 469 (1954), paragraph three of the syllabus.

### ii. The trial court fully complied with R.C. 2929.14(C)(4) before imposing consecutive sentences.

{¶14} Cochran first takes issue with the trial court's decision to impose consecutive sentences. "Except as provided in * * * [R.C. 2929.14(C)], * * * a prison term, jail term, or sentence of imprisonment shall be served concurrently with any other prison term, jail term, or sentence of imprisonment imposed by a court of this state, another state, or the United States." R.C. 2929.41(A). R.C. 2929.14(C) provides, in relevant part:

> (4) If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to

the danger the offender poses to the public, and if the court also finds any of the following:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to [R.C. 2929.16, 2929.17, or 2929.18], or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

R.C. 2929.14(C)(4). "R.C. 2929.14(C)(4) requires a trial court to make specific findings on the record before imposing consecutive sentences." *State v. Nienberg*, 3d Dist. Putnam Nos. 12-16-15 and 12-16-16, 2017-Ohio-2920, ¶ 17. "Specifically, the trial court must find: (1) consecutive sentences are necessary to either protect the public or punish the offender; (2) the sentences would not be disproportionate to the offense committed; and (3) one of the factors in R.C. 2929.14(C)(4)(a), (b), or (c) applies." *Id.*

{¶15} When imposing consecutive sentences, the trial court must make the findings required by R.C. 2929.14(C)(4) at the sentencing hearing and incorporate those findings into its sentencing entry. *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, ¶ 29, 37. Here, the trial court fully complied with this requirement by

-9-

making clear R.C. 2929.14(C)(4) and (C)(4)(b) findings at the sentencing hearing and incorporating those findings into its sentencing entry. Cochran faults the trial court for providing a rote recitation of the statutory language without elaborating on its findings. However, the trial court "has no obligation to state reasons to support its findings." *Bonnell* at ¶ 37.

{¶16} Furthermore, Cochran has failed to make a proper argument that the trial court's consecutive-sentencing findings are unsupported by the record. As noted above, he maintains that the trial court did not properly "balance the overriding principles of felony sentencing" or consider his capacity for rehabilitation. He further claims that the trial court took a "one-sided view" of the "recidivism factors" and that the trial court "focus[ed] only on the seriousness factors." Thus, while Cochran does not explicitly invoke R.C. 2929.11 and 2929.12, he effectively argues that his consecutive sentences are not supported by the record under R.C. 2929.11 and 2929.12.

{¶17} However, "the Supreme Court of Ohio has clarified that R.C. 2929.11 and 2929.12 do not apply to consecutive-sentencing review." *State v. Hiles*, 3d Dist. Union No. 14-20-21, 2021-Ohio-1622, ¶ 18, citing *State v. Gwynne*, 158 Ohio St.3d 279, 2019-Ohio-4761, ¶ 17. Accordingly, we cannot review Cochran's consecutive sentences for compliance with R.C. 2929.11 and 2929.12. *Id.* Because Cochran has mounted no other challenge to his consecutive sentences, we conclude that

Cochran's consecutive sentences are not clearly and convincingly unsupported by the record or otherwise contrary to law.

### iii. Cochran's indefinite sentences do not violate the separation-of-powers doctrine.

{¶18} Cochran argues that his indefinite sentences for felonious assault and endangering children are contrary to law because the indefinite sentencing provisions of the Reagan Tokes Law,[2] under which he was sentenced, run afoul of the separation-of-powers doctrine. Cochran's challenge does not present a matter of first impression in this court. Since the indefinite sentencing provisions of the Reagan Tokes Law went into effect in March 2019, we have repeatedly been asked to weigh in on the constitutionality of these provisions. In answer, we have invariably concluded that the indefinite sentencing provisions of the Reagan Tokes Law do not violate the separation-of-powers doctrine.[3] *E.g.*, *State v. Crawford*, 3d Dist. Henry No. 7-20-05, 2021-Ohio-547, ¶ 10; *State v. Hacker*, 3d Dist. Logan No. 8-20-01, 2020-Ohio-5048, ¶ 22. As Cochran has not presented us with any compelling reason to depart from our earlier precedent, we decline to do so. Consequently, we conclude that the indefiniteness of Cochran's sentences for

---

[2] Because we have thoroughly explained these provisions in previous opinions, we need not do so here. *See, e.g.*, *State v. Barnhart*, 3d Dist. Putnam No. 12-20-08, 2021-Ohio-2874, ¶ 9; *Hiles*, 2021-Ohio-1622, at ¶ 11-16.

[3] Until recently, there had been some question whether constitutional challenges like Cochran's are ripe for review. However, the Supreme Court of Ohio has clarified that "a criminal defendant's challenge to the constitutionality of R.C. 2967.271 is ripe for review on the defendant's direct appeal of his or her conviction and prison sentence." *State v. Maddox*, ___ Ohio St.3d ___, 2022-Ohio-764, ¶ 22.

felonious assault and endangering children does not render the sentences contrary to law.

{¶19} Cochran's first and third assignments of error are overruled.

### IV. Conclusion

{¶20} For the foregoing reasons, Cochran's assignments of error are overruled. Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgment of the Marion County Court of Common Pleas.

***Judgment Affirmed***

**SHAW and WILLAMOWSKI, J.J., concur.**

**/jlr**